FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUN 15 A 11: 16

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AIZENHAWAR (AIZEN) J. MARROGI            CIVIL ACTION

VERSUS                                   NO. 00-368

RAY HOWARD, ET AL                        SECTION "C"

<u>ORDER AND REASONS</u>

This matter comes before the Court on motion to dismiss or alternative motion to transfer venue filed by the defendants Ray Howard ("Howard") and Ray Howard & Associates, Inc. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion to dismiss should be partially denied and partially granted for the following reasons.

The parties appear to agree as to the facts material to the issue of personal jurisdiction. The plaintiff, now a Maryland doctor, previously sued his former employer, Tulane Educational Fund d/b/a Tulane University School of Medicine ("Tulane"), in Louisiana state court in 1997 for monies allegedly owed as a result of underbilling by Tulane. The plaintiff engaged the Florida defendants as experts in billing for purposes of that lawsuit. The defendants analyzed limited discovery permitted by

DATE OF ENTRY
JUN 1 5 2000

Fee____
Process____
X Dktd____
____CtRmDep____
Doc.No.____

the state court pertaining to one year's billing. The state lawsuit was dismissed on motion prior to trial. In this suit, the plaintiff alleges that the dismissal was caused by the defendants' allegedly substandard expert performance.

No party to this lawsuit is currently a Louisiana resident. The plaintiff and Howard confected the agreement to provide expert testimony in Mississippi; all of work actually performed by the defendants in conjunction with the first lawsuit against Tulane was performed in Florida. Finally, the defendants do not have any other relevant connection with Louisiana besides the use of their expert testimony in conjunction with the lawsuit when pending in Louisiana state court.

The plaintiff bears the burden of establishing a prima facie showing of personal jurisdiction. Felch v. Transportes Lar-Mex SA De CV, 92 F.3d 320, 326 (5th Cir. 1996). The plaintiff's allegations are taken as true, and all conflicts between the facts contained in the affidavits and documents submitted by the parties are resolved in plaintiff's favor. Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 418 (5th Cir. 1993); Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784 (5th Cir. 1990).

Personal jurisdiction is established in a diversity case if the nonresident defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of

jurisdiction comports with the due process clause of the Fourteenth Amendment. Alpine View Co., Ltd. v. Atlas Copco AB, 205 F.3d 208 (5th Cir. 2000); Asarco, 912 F.2d at 786. In a state such as Louisiana, where the long-arm statute extends personal jurisdiction over nonresidents to the same limits as those allowed under federal process, the inquiry "collapses" into a single one: does the nonresident defendant have sufficient minimum contacts with the forum such that the maintenance of suit does not offend traditional notions of fair play and substantial justice. Guidry v. U. S. Tobacco Co., Inc., 188 F.3d 619, 624 (5th Cir. 1999); Ruston, supra; Petroleum Helicopters, Inc. v. Avco Corp., 834 F.2d 510 (5th Cir. 1987).

Minimum contacts with the forum may support either general or specific personal jurisdiction. Marathon Oil Co. v. A. G. Ruhrgas, 182 F.3d 291, 295 (5th Cir. 1999). Where, as here, the facts do not suggest that there are such "continuous and systematic" contacts between this forum and the Florida defendants required to support the exercise of general jurisdiction over the nonresident defendants, specific jurisdiction is considered. Guidry, supra.

Specific jurisdiction exists where the cause of action arises out or is related to the defendant's contacts with the forum. Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir.

1999); <u>Dickson Marine, Inc. v. Panalpina</u>, 179 F.3d 331, 336 (5th Cir. 1999).  A three-part test applies to specific jurisdiction: (1) did the defendant have minimum contacts with the forum state, purposefully availing itself of the privilege of conducting activities therein? (2) did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? and (3) would the exercise of personal jurisdiction be reasonable and fair?  <u>Guidry</u>, 188 F.3d at 625, <u>citing</u> 4 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> (West 1999).

Although the complaint includes claims for negligence and an alternative claim for unjust enrichment, the parties' relationship was contractual and the cause of action arose out of the performance of that contract.  In a breach of contract case, a court must evaluate "`prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing'" to determine whether a party purposefully availed itself of a forum.  <u>Latshaw v. Johnston</u>, 167 F.3d 208, 211 (5th cir. 1999), <u>quoting</u>, <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 479 (1985).

Here, the significance of the fact that the defendants were engaged to provide expert testimony presented in a Louisiana lawsuit is controlling.  That there were numerous communications between the parties and the plaintiff's lawyers occurred in

conjunction with the litigation is uncontroverted. The contemplated purpose and consequence of the expert testimony, its "delivery," was directed only to that lawsuit. The expert testimony allegedly caused damage resulting from the dismissal of the Louisiana lawsuit. Although the issue is a close one, the Court finds that the plaintiff has established a prima facie case of specific personal jurisdiction for purposes of the motion to dismiss; he has sufficiently shown that the defendants did purposefully avail themselves of the privilege of conducting business in Louisiana, that the plaintiff's cause of action arose out of those contacts, and that the exercise of personal jurisdiction is both reasonable and fair.[1]

However, while the fact that the testimony was presented in conjunction with a Louisiana lawsuit supports a prima facie finding of personal jurisdiction, it also entitles the defendants to absolute immunity under Louisiana law.[2] While the plaintiff argues in opposition that the immunity argument raised by the defendants is focused only on the negligence claims, the Court

---

[1] Without addressing the issue of whether a cause of action exists as to the individual defendant, the Court finds no reason to distinguish between the individual and corporate defendants for purposes of personal jurisdiction.

[2] The parties appear to agree that Louisiana law applies to the issue of witness immunity.

finds no such limitation in the defendants' motion or in the Louisiana jurisprudence.

Instead, the defendants rely on a line of Louisiana cases that uniformly recognize absolute immunity to witnesses in judicial or quasi-judicial proceedings. "The rule that immunity from a civil action attaches to a witness in a judicial proceeding has been recognized by the jurisprudence of this state." Oakes v. Walther, 154 So. 26, 27 (La. 1934). "We have also held that communications made in judicial or quasi-judicial proceedings carry an absolute privilege so that witnesses, bound by their oaths to tell the truth, may speak freely without fear of civil suits for damages." Knapper v. Connick, 681 So.2d 944, 946 (La. 1996). "Historically, Louisiana jurisprudence has affirmed witness immunity from suit arising out of testimony during judicial proceedings ... An expert is `free to give his opinion whether others might disagree with his conclusions or not.'" Rogers v. Janzen, 711 F.Supp. 306, 309 (E.D.La.), aff'd, 891 F.2d 95 (5th Cir. 1989), quoting, Moity v. Busch, 368 So.2d 1134, 1136 (La. App. 3rd Cir. 1979). In sum, "Louisiana courts have long recognized that there is absolute immunity from civil liability for testimony given by a non-party witness in a judicial proceeding." Genovese v. Usner, 602 So.2d 1084, 1086 fn 5(La. App. 1st Cir.), writ. denied, 606 So.2d 537 (La. 1992).

See also: <u>Lauga v. McDougall</u>, 463 So.2d 754 (La. App. 4th Cir. 1985).

The plaintiff's position on the issue of immunity is supported fully by <u>LLMD of Michigan, Inc. v. Jackson-Cross Co.</u>, 559 Pa. 297, 307(Pa. 1999), in which a narrow exception to absolute non-party witness immunity for professional malpractice actions was announced with the following limitations:

> We caution, however, that our holding that the witness immunity doctrine does not preclude claims against an expert witness for professional malpractice has limited application. An expert witness may not be held liable merely because his or her opinion is challenged by another expert or authoritative source. In those circumstances, the judicial process is enhanced by the presentation of different views. Differences of opinion will not suffice to establish liability of an expert witness for professional negligence.

Although there is a certain logic to the rationale adopted by the <u>LLMD</u> court, their own limitations on the exception suggest a multitude of evidentiary and practical problems in its application. In any event, this exception itself has not been recognized in any other reported opinion by any court applying Louisiana law. Despite the novelty brought to this issue by the fact that the plaintiff had engaged the expert, continued judicial recognition of absolute immunity for all non-party witnesses including experts finds support in the policies underlying expert testimony, which is taken under oath in order

to assist the fact-finder with truthful insight into scientific or technical material, not to advocate. Under these circumstances, this Court is unable and unwilling to be the first court to recognize such a modification of Louisiana law.[3] See generally Leslie R. Masterson, *Witness Immunity or Malpractice Libaility for Professionals Hired as Experts*?, 17 Rev. Litig. 393 (1998).[4]

Accordingly,

IT IS ORDERED that the motion to dismiss filed by the defendants Ray Howard and Ray Howard & Associates, Inc. is PARTIALLY DENIED and PARTIALLY GRANTED. Judgment will be entered in favor of defendants and against the plaintiff, dismissing the plaintiff's claims with prejudice.

New Orleans, Louisiana, this 15 day of June, 2000.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[3] Of course, even if the plaintiff had argued that the focus of this action was the underlying preparation of the expert testimony rather than its presentation and effect on a Louisiana lawsuit, witness immunity may not be squarely presented, but this Court would lack personal jurisdiction over that action given the fact that all preparation occurred in Florida.

[4] In light of the Court's finding of absolute immunity to the defendants, it does not address the propriety of transfer.

8