# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 00-30786

D.C. Docket No. 00-CV-368

U.S. COURT OF APPEALS
**F I L E D**

FEB 1 4 2002

CHARLES R. FULBRUGE III
~~CLERK~~

> **U.S. DISTRICT COURT**
> EASTERN DISTRICT OF LOUISIANA
>
> FILED   MAR 21 2002   mc
>
> LORETTA G. WHYTE
> CLERK

AIZENHAWAR J MARROGI, also known as Aizen Marrogi

Plaintiff - Appellant

v.

RAY HOWARD; RAY HOWARD & ASSOCIATES, INC

Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is reversed, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that defendants-appellees pay to plaintiff-appellant the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: MAR 2 1 2002

OP-OA-J-1

A true copy
Test

Clerk, U. S. Court of Appeals, Fifth Circuit

By _____
Deputy

New Orleans, Louisiana   MAR 2 1 2002

Fee _____
Process _____
X Dkto _____
CSRmKdp _____
Doc.No. 13

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

FEB 1 4 2002

CHARLES R. FULBRUGE III
CLERK

---

No. 00-30786

---

AIZENHAWAR (AIZEN) J. MARROGI,

Plaintiff-Appellant,

versus

RAY HOWARD and
RAY HOWARD & ASSOCIATES, INC.,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Louisiana

---

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

WIENER, Circuit Judge:

We first heard this appeal in 2001, with federal jurisdiction based on diversity of citizenship. As the case involved a determinative but unanswered question of Louisiana law, we filed an opinion on April 12, 2001, certifying that question to the Supreme Court of Louisiana.[1]  The court graciously accepted our certification,[2] and in a unanimous opinion rendered on January 15,

---

[1] Marrogi v. Howard, 248 F.3d 382 (5th Cir. 2001)("Marrogi I").

[2] Marrogi v. Howard, 794 So. 2d 778 (La. 2001).

2002,[3] answered the question we had posed by certification: "Under Louisiana law, does witness immunity bar a claim against a retained expert witness, asserted by a party who in prior litigation retained that expert, which claim arises from the expert's allegedly deficient performance of his duties to provide litigation services, such as the formulation of opinions and recommendations, and to give opinion testimony before or during trial?"[4] Answering our certified question in the negative, the Supreme Court of Louisiana held that such a claim is not barred by the doctrine of witness immunity.

The operable facts and procedural history of this case are set forth in detail in Marrogi I. For purposes of this opinion, it suffices that Dr. Marrogi brought suit in a Louisiana state court against his former employer, the Tulane University School of Medicine, seeking a money judgment for alleged underbilling of his services by Tulane. Dr. Marrogi retained Howard as an expert to provide specified litigation support services. Following several purported miscues on the part of Howard, which culminated in Howard's refusal to complete his participation in a deposition and to provide any of the other litigation support that he had contracted to furnish, Tulane filed a motion for summary judgment seeking dismissal of Dr. Marrogi's action, and the state trial

---

[3] 2002 WL 47842 (La. 2002).

[4] Marrogi I, 248 F.3d at 386.

2

court granted Tulane's motion.

This prompted Dr. Marrogi to file suit against Howard in federal court, claiming damages caused by his deficient performance in the state litigation. Dr. Marrogi asserted that Tulane had based its successful motion to dismiss on the doctor's inability to produce any credible summary judgment evidence of underbilling. And, according to Dr. Marrogi, that inability was the direct result of Howard's deficient performance of the litigation support obligations that he had contracted to provide.

Howard filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Dr. Marrogi's action for failure to state a claim on which relief could be granted. Howard's motion was granted by the district court, which concluded that Louisiana had never expressly recognized an exception to its general rule of witness immunity to allow claims to be asserted against witnesses who, like Howard, were retained as experts to provide litigation services such as those at issue here.[5] In granting Howard's dismissal motion, the district court declined to make and "Erie guess" that Louisiana's highest court would recognize such an exception.

---

[5] Howard also sought dismissal for lack of personal jurisdiction and venue, and alternatively sought transfer to the Middle District of Florida. The district court held that it had jurisdiction (a ruling we affirmed sub silentio in certifying to the Supreme Court of Louisiana that its answer to the witness immunity question would determine the outcome of this case). The district court did not, however, rule on the transfer issue because it dismissed the action with prejudice under Rule 12(b)(6).

We represented to the Supreme Court of Louisiana that "[i]f an exception to witness immunity is recognized for retained expert witnesses, [this] case will be remanded to the federal district court for further proceedings consistent with that ruling."[6]  As the Supreme Court of Louisiana recognized such an exception, we reverse the district court's dismissal of Dr. Marrogi's action and remand for further consistent proceedings.

REVERSED and REMANDED.

---

[6] Marrogi I, 248 F.3d at 386.