U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA
2002 MAY 10 PM 1:10
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AIZENHAWAR (AIZEN) J. MARROGI          CIVIL ACTION

VERSUS                                  NO. 00-368

RAY HOWARD, ET AL                       SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion to transfer venue filed by the defendants Ray Howard ("Howard") and Ray Howard & Associates, Inc.[1] Having considered the record, the memoranda of counsel and the law, the Court has determined that transfer is appropriate for the following reasons.

The facts material to the issue of transfer are largely undisputed and the same as those presented with the previously-filed motion on personal jurisdiction. The plaintiff, now a Maryland doctor, previously sued his former employer, Tulane Educational Fund d/b/a Tulane University School of Medicine ("Tulane"), in Louisiana state court in 1997 for monies allegedly

---

[1] Again, the Court finds no reason to distinguish between the individual and corporate defendants for purposes of the pending motion and does not address the issue of whether a cause of action exists as to the individual defendant.

DATE OF ENTRY
MAY 13 2002

owed as a result of underbilling by Tulane. The plaintiff engaged the Florida defendants as experts in billing for purposes of that lawsuit. The defendants analyzed limited discovery permitted by the state court pertaining to one year's billing. The state lawsuit was dismissed on motion prior to trial. In this suit, the plaintiff alleges that the dismissal was caused by the defendants' allegedly substandard expert performance and asserts claims sounding in negligence, breach of contract and unjust enrichment. The plaintiff seeks return of amounts paid to the defendants and losses due to breach of contract.

No party to this lawsuit is a Louisiana resident. The plaintiff is represented by recently-engaged Louisiana counsel and the primary counsel for the defendants is located in Jacksonville, Florida. The plaintiff and Howard confected the agreement to provide expert testimony in Mississippi; all of work actually performed by the defendants in conjunction with the first lawsuit against Tulane was performed in Florida. The defendants do not have any other relevant connection with Louisiana besides the use of their expert testimony in conjunction with the lawsuit when pending in Louisiana state court.

Section 1404(a) provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of showing that the case should be transferred and the decision rests within the discretion of the district court. Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 5th Cir. 1989). "The trial court should consider 'all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests ofjsutice be better served by transfer to a different forum.'" Id., quoting 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3847 at 370 (1986).

In determining the propriety of transfer, the district court considers the convenience factors set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).[2] The private interest factors include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the witnesses, including the court's power to compel the appearance of witnesses at trial and the costs of obtaining attendance of witnesses; (4) the convenience of the parties, specifically their residences and

---

[2] The Supreme Court advises that the motion to dismiss on the basis of *forum non conveniens* is not "directly comparable" to the motion to transfer venue due to different interests involved in each. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258 n. 26 (1981); Peteet, 868 F.2d at 1436.

abilities to bear the costs of trial in a particular forum; and (5) all other factors relating to the expeditious and efficient adjudication of the dispute. Laithram Corp. v. Hewlett-Packard Co., 120 F.Supp. 2d 607 (E.D.La. 2000). The public interests include: (1) the relative administrative difficulties in the two jurisdictions; (2) the local interest in having localized controversies resolved at home; (3) the appropriateness of having the jurisdiction of the governing law decide the controversy to avoid conflict of law problems; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. Id.

"To begin, the plaintiff is generally entitled to choose the forum." Peteet, 868 F.2d at 1436. Where, as here, the chosen forum is different than the plaintiff's residence, this factor is afforded less weight. James Wm. Moore, *Moore's Federal Practice* § 111.13[1][c][ii] (2000).

Similarly, the plaintiff's choice is given less weight if the operative facts occurred outside the forum. Id., at § 111.13[1][c][iii]. It is important to note that the focus of this litigation is on the allegedly substandard activities of the defendants in formulating and providing expert testimony, all of which occurred outside this forum. It is not focused on the dismissal of the previous Louisiana lawsuit, which merely provides a stipulated part of the factual background.

The remaining private factors weigh in favor of transfer. Neither of the parties are Louisiana residents, and Tulane is not a party to the lawsuit. The Maryland plaintiff will incur travel-related expenses whether Florida or Louisiana is the venue. The evidence upon which the defendants' expert opinion and deposition testimony was based is already in Florida, and the defendants formulated the expert opinion and testified in Florida. Any expert testimony relating to the subject matter of this suit can be engaged in either forum. While the plaintiffs claim that Tulane witnesses may be called, those witnesses are not identified and would seem to be unnecessary, given the nature of the claims being made <u>in this matter</u>, as opposed to the now-dismissed previous matter.[3] The only other witness named is the plaintiff's current lawyer, who enrolled as counsel after this matter was remanded from the Fifth Circuit.

Turning to the public factors, the relative administrative difficulties in the two jurisdictions are the same. The controversy at issue focuses on the relationship between the Maryland resident and the Florida defendants, but the actual

---

[3] In the event that the plaintiff prevails in showing liability based on the already-produced documents from Tulane and more documents from Tulane are deemed relevant in order to prove damages owed by these defendants, the documentation may be obtained with a subpoena under Fed. R. Civ. P. 45.

conduct under examination took place in Florida by Florida residents.  Therefore, Florida does have a local interest in the subject matter.  While the plaintiff suggests that Louisiana law may apply to measure the defendants' conduct, that issue has not been stipulated and may be the subject of a separate choice of law determination.  Finally, this matter is scheduled to be tried without a jury.

Under these circumstances, and given the lack of connection to this district, the plaintiff's choice of forum should be upset.  The only relevant connection to Louisiana is the location of plaintiff's counsel, who just enrolled in February 2002 and became sole trial counsel last month.  The inconvenience already facing the plaintiff by virtue of his Maryland residence is unavoidable, but the inconvenience facing the defendants is avoidable.  Transfer to the defendants' residence, where the bulk of the relevant facts were developed and where all of the challenged activities of the defendants occurred, serves the convenience of the parties and witnesses, and best serves the interest of justice.

Accordingly,

IT IS ORDERED that the motion to transfer venue filed by the defendants Ray Howard and Ray Howard & Associates, Inc. is GRANTED.  This matter is hereby TRANSFERRED to the United States

District Court for the Middle District of Florida, Jacksonville Division.

    New Orleans, Louisiana, this 9 day of May, 2002.

*/s/ Helen G. Berrigan*
HELEN G. BERRIGAN
CHIEF JUDGE